IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Juan Rios Quinones, | CIVIL NO. 14-00497 LEK-RLP |
| Plaintiff, | |
| vs. | |
| UnitedHealth Group Incorporated; UnitedHealthcare, Inc.; UnitedHealthcare Insurance Co., | |
| Defendants. | |

**ORDER GRANTING DEFENDANTS' MOTION FOR**
**JUDGMENT ON THE PLEADINGS FOR COUNT I (§ 1983)**

Before the Court is Defendants UnitedHealth Group Incorporated, UnitedHealthcare, Inc., and UnitedHealthcare Insurance Company's (collectively "Defendants") Motion for Judgment on the Pleadings for Count I (§ 1983) ("§ 1983 Motion"), filed on April 1, 2015.[1] [Dkt. no. 32.] Plaintiff Juan Rios Quinones ("Plaintiff") filed his memorandum in opposition on June 23, 2015, and Defendants filed their reply on July 2, 2015. [Dkt. nos. 48, 50.] This matter came on for hearing on July 16,

---

[1] On that same day, Defendants also filed three other motions for judgment on the pleadings. [Dkt. nos. 31, 33, 34.] This Court granted in part and denied in part the first, which sought dismissal of Plaintiff's claims insofar as they arose under the Medicare Act. [Dkt. no. 49.] The other two motions are set for hearing in August, and October, respectively. See Entering Order ("EO"), filed 4/3/15 (dkt. no. 37); EO, filed 4/28/15 (dkt. no. 40).

2015. After careful consideration of the motion, supporting and opposing memoranda, and the arguments of counsel, Defendants' § 1983 Motion is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

The relevant factual and procedural background was set forth in this Court's Order Granting in Part and Denying in Part Defendants' Motion for Judgment on the Pleadings as to Plaintiff's Allegations Relating to Medicare Benefits, filed June 30, 2015 ("Medicare Act Order").[2]  [Dkt. no. 49.]  The Court only repeats the background that is relevant to the § 1983 Motion.

On October 31, 2014, Plaintiff filed his Complaint for Declaratory and Injunctive Relief, and for Compensatory and Punitive Damages ("Complaint"), asserting various federal and state claims related to Defendants' year-long delay in authorizing Plaintiff's purchase of a replacement Personal Mobility Device ("PMD").  In Count I, the sole count at issue in the instant motion, Plaintiff alleges that Defendants' Medical Director, Ronald Fujimoto, and Advanced Technology Projects Senior Clinical Program Consultant, Jack Sanders, and other employees were deliberately indifferent to Plaintiff's immobility and, acting under color of law, abused their positions of

---

[2] The Medicare Act Order is also available at 2015 WL 3965961.

authority in failing to provide Plaintiff's benefits under Medicaid.  [Complaint at ¶¶ 150-54.]  Plaintiff requests general, special, and punitive damages for the purported 42 U.S.C. § 1983 violation, and all other remedies provided by that statute.  [Id. at pgs. 60 at ¶ E, 61 at ¶¶ M, O.]

## **STANDARD**

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  "Although [Ashcroft v.] Iqbal[, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009),] establishes the standard for deciding a Rule 12(b)(6) motion, we have said that Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and that 'the same standard of review' applies to motions brought under either rule." Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (citations omitted and internal quotation marks omitted). On a motion for judgment on the pleadings, the court must "accept as true all allegations in [the plaintiff's] complaint and treat as false those allegations in the answer that contradict [the plaintiff's] allegations." Cell Therapeutics, Inc. v. Lash Grp., Inc., 586 F.3d 1204, 1206 n.2 (9th Cir. 2009) (citation omitted). "[J]udgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law[.]" Jackson v. Barnes,

749 F.3d 755, 763 (9th Cir. 2014) (citation and internal quotation marks omitted).

**DISCUSSION**

"To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." Esparza v. Cnty. of Los Angeles, 527 F. App'x 638, 639 (9th Cir. 2013) (citation and internal quotation marks omitted). While Defendants do not concede the first element, their motion only challenges the second element.

Plaintiff's allegations supporting state action center on the contractual relationship between the State of Hawai`i ("the State") and Defendants. The Complaint alleges that the State: contracts with Defendants; [id. at ¶¶ 18, 62;] provides over half of the funding for Defendants' Medicaid QUEST Expanded Access Program ("QUEST"); [id. at ¶ 21;] and generally oversees and monitors Defendants' implementation of QUEST [id. at ¶¶ 22, 60]. It nowhere alleges that the State took any direct action related to the decision to delay or deny Plaintiff's PMD request.

Defendants argue that, a benefits decision by a Health Maintenance Organization ("HMO") or MCO ("Managed Care Organization"), like Defendants, cannot be attributed to the

4

government as state action where the sole connection between the insurer and the state is contractual. [Mem. in Supp. of § 1983 Motion at 7-15.] Plaintiff responds that the state action inquiry is fact-intensive and, at this early stage in the litigation, he has alleged facts sufficient to state a plausible claim. [Mem. in Opp. at 4-10.] Defendants reply that, even if the Court does not rule that benefits decisions by an MCO cannot categorically be state action, Plaintiff's allegations are insufficient to state a claim for state action here. [Reply at 5-12.] While the Court acknowledges the relatively deferential standard for ruling on a motion for judgment on the pleadings, the Court agrees with Defendants that Plaintiff's allegations fall well short of state action.

The Ninth Circuit has described the standards for state action, and pointed out that the United States Supreme Court has endorsed numerous "approaches" or tests:

> The Supreme Court has instructed that "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295, 121 S. Ct. 924, 148 L. Ed. 2d 807 (2001) (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974)). Courts have employed various approaches to determine whether a person may fairly be considered a state actor. Lee v. Katz, 276 F.3d 550, 554 (9th Cir. 2002). "What is fairly attributable is a matter of normative judgment, and the criteria lack rigid simplicity. . . . [N]o one fact can function as a

5

necessary condition across the board for finding state action; nor is any set of circumstances absolutely sufficient, for there may be some countervailing reason against attributing activity to the government." Brentwood Acad., 531 U.S. at 295–96, 121 S. Ct. 924.

"Because of the fact-intensive nature of the inquiry, courts have developed a variety of approaches" to assess whether a private party has acted under color of state law. Lee, 276 F.3d at 554. The Supreme Court has identified at least seven such approaches. Brentwood Acad., 531 U.S. at 296, 121 S. Ct. 924. "Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists." Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003).

Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 924 (9th Cir. 2011) (alterations in Florer) (footnote omitted). Specifically, those approaches were articulated by the Supreme Court:

> Our cases have identified a host of facts that can bear on the fairness of such an attribution. We have, for example, held that a challenged activity may be state action when it results from the State's exercise of "coercive power," Blum [v. Yaretsky], 457 U.S. [991,] 1004, 102 S. Ct. 2777 [(1982)], when the State provides "significant encouragement, either overt or covert," ibid., or when a private actor operates as a "willful participant in joint activity with the State or its agents," Lugar [v. Edmondson Oil Co.], [457 U.S. 922,] 941, 102 S. Ct. 2744 [(1982)] (internal quotation marks omitted). We have treated a nominally private entity as a state actor when it is controlled by an "agency of the State," Pennsylvania v. Board of Directors of City Trusts of Philadelphia, 353 U.S. 230, 231, 77 S. Ct. 806, 1 L. Ed. 2d 792 (1957) (per curiam), when it has been delegated a public function by the State, cf., e.g., West v. Atkins, [487 U.S. 42,] 56, 108 S. Ct. 2250 [(1988)]; Edmonson v. Leesville Concrete Co., 500 U.S. 614, 627–628, 111

6

> S. Ct. 2077, 114 L. Ed. 2d 660 (1991), when it is
> "entwined with governmental policies," or when
> government is "entwined in [its] management or
> control," Evans v. Newton, 382 U.S. 296, 299, 301,
> 86 S. Ct. 486, 15 L. Ed. 2d 373 (1966).

Brentwood Acad., 531 U.S. at 296 (some alterations in Brentwood Acad.).

The Court is not persuaded that there is a per se rule precluding a finding of state action here. Defendants argue that "private insurers administering benefit plans pursuant to a State or federal contract (under either Medicaid or Medicare)" cannot be state actors. See Mem. in Supp. of § 1983 Motion at 7. While the out-of-circuit cases that Defendants cite do provide guidance in applying some of the state action tests, nothing suggests a per se rule or, that the Ninth Circuit has adopted or even addressed one.

The only Ninth Circuit case that Defendants cite on this point, Grijalva v. Shalala, 152 F.3d 1115 (9th Cir. 1998), offers no precedential support. In that case, the Ninth Circuit upheld a district court's conclusion that an HMO's denials of medical services to Medicare beneficiaries constituted state action. Id. at 1119-21. It held that, due to federal regulation and delegation of Medicare coverage decisions, the HMO and the federal government were joint participants. Id. at 1120. The court characterized the termination of Medicaid benefits found not to be state action in Blum v. Yaretsky, as medical judgments,

7

and distinguished those independent judgments from the congressional and regulatory orders that the HMOs faced in Grijalva.  Id. at 1120-21.  The Ninth Circuit thus concluded that Medicare's extensive regulatory scheme made the HMO's benefits decisions attributable to the federal government.

The Supreme Court, however, vacated the Ninth Circuit opinion and remanded the case so that it could apply American Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 40 (1999).  Shalala v. Grijalva, 526 U.S. 1096 (1999).[3]  In American Manufacturers, the Supreme Court held that the medical insurers' decisions to withhold payments for disputed medical treatment, pursuant to the Pennsylvania workers' compensation regime, did not constitute state action.  Although the Supreme Court's vacatuur order in Grijalva did not address the substance of the Ninth Circuit's opinion, it suggests, at the very least, that the Ninth Circuit did not apply the correct standard in reaching its decision.  Thus, none of the Grijalva opinions support the position that either the Supreme Court or the Ninth Circuit has adopted a per se rule; in fact, together Grijalva and American

---

[3] The Ninth Circuit remanded to the district court to apply American Manufacturers, Grijalva v. Shalala, 185 F.3d 1075 (9th Cir. 1999), before the case apparently settled.  See Ctr. for Medicare Advocacy, Inc. v. U.S. Dep't of Health & Human Servs., No. 3:10CV645 (MRK), 2011 WL 2119226, at *6 (D. Conn. May 26, 2011) (explaining that the "parties in Grijalva settled before the district court had an opportunity to reconsider the case in light of Sullivan" and citing the district court's Order Approving Settlement).

8

Manufacturers support a fact-specific approach. The most that can be distilled from Grijalva is that, in the analogous Medicare insurance context, American Manufacturers provides an applicable approach to determining whether a private insurer is engaged in state action when making individual benefits decisions.[4]

Based on the foregoing, the Court rejects Defendants' per se argument, and proceeds to analyze whether Plaintiff's allegations sufficiently meet any of the state action approaches. The parties focus almost exclusively on the so-called "Governmental nexus test," see, e.g., Mem. in Opp. at 7-9; Reply at 6-7, and the Court finds this to be the most appropriate approach.[5]

---

[4] Although the Court agrees with Plaintiff that American Manufacturers is distinguishable on its facts since it dealt with a comprehensive state workers' compensation regime, see Mem. in Opp. at 11-12, the Court also agrees with Defendants that the legal tests that it applied also apply here, see Reply at 7-8. The Supreme Court remanded in Grijalva specifically so the Ninth Circuit would apply American Manufacturers, in the Medicare benefits decision context.

[5] The parties also address the traditional function and entwinement tests. See, e.g., Mem. in Opp. at 7-8; Reply at 6 n.4. However, the Court finds that these tests do not apply to this case, and thus cannot provide a basis to prove state action. See, e.g., Brentwood Acad., 531 U.S. at 298 (finding state action where "[t]he nominally private character of the Association [was] overborne by the pervasive entwinement of public institutions and public officials in its composition and workings"); Gonzalez-Maldonado v. MMM Healthcare, Inc., 693 F.3d 244, 248 (1st Cir. 2012) (holding that "the public function exception applies to 'traditionally **exclusively**' public functions" and "operating an HMO" does not "qualify" (emphasis in Gonzalez-Maldonado)).

9

The Ninth Circuit has explained: "Under the governmental nexus test, a private party acts under color of state law if there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." Ohno v. Yasuma, 723 F.3d 984, 996 n.13 (9th Cir. 2013) (citations and internal quotation marks omitted). In American Manufacturers, the Supreme Court analyzed and applied that test:

> Our approach to this latter question [of whether the allegedly unconstitutional conduct is fairly attributable to the State] begins by identifying "the specific conduct of which the plaintiff complains." Blum v. Yaretsky, 457 U.S., at 1004, 102 S. Ct. 2777; see id., at 1003, 102 S. Ct. 2777 ("Faithful adherence to the 'state action' requirement . . . requires careful attention to the gravamen of the plaintiff's complaint"). . . . Thus, the issue we address, in accordance with our cases, is whether a **private insurer's** decision to withhold payment for disputed medical treatment may be fairly attributable to the State so as to subject insurers to the constraints of the Fourteenth Amendment. Our answer to that question is "no."
>
> In cases involving extensive state regulation of private activity, we have consistently held that "[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 350, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974); see Blum, 457 U.S., at 1004, 102 S. Ct. 2777. Faithful application of the state-action requirement in these cases ensures that the prerogative of regulating private business remains with the States and the representative branches, not the courts. Thus,

> the private insurers in this case will not be held
> to constitutional standards unless "there is a
> sufficiently close nexus between the State and the
> challenged action of the regulated entity so that
> the action of the latter may be fairly treated as
> that of the State itself." <u>Ibid.</u> (internal
> quotation marks omitted). Whether such a "close
> nexus" exists, our cases state, depends on whether
> the State "has exercised coercive power or has
> provided such significant encouragement, either
> overt or covert, that the choice must in law be
> deemed to be that of the State." <u>Ibid.</u> Action
> taken by private entities with the mere approval
> or acquiescence of the State is not state action.
>
> Here, respondents do not assert that the
> decision to invoke utilization review should be
> attributed to the State because the State compels
> or is directly involved in that decision.
> Obviously the State is not so involved. It
> authorizes, but does not require, insurers to
> withhold payments for disputed medical treatment.
> The decision to withhold payment, like the
> decision to transfer Medicaid patients to a lower
> level of care in <u>Blum</u>, is made by concededly
> private parties, and "turns on . . . judgments
> made by private parties" without
> "standards . . . established by the State." <u>Blum</u>,
> *supra*, at 1008, 102 S. Ct. 2777.

<u>Am. Mfrs.</u>, 526 U.S. at 51-52 (emphasis and some alterations in <u>Am. Mfrs.</u>) (some citations omitted).

Applying this test here, the Court finds that the allegations are insufficient to state a claim for state action. Following <u>American Manufacturers</u>, the specific conduct that Plaintiff complains of is the denial and delay in issuing Plaintiff a replacement PMD. <u>See</u> <u>id.</u> at 51. The issue then is whether Defendants' decision to deny Plaintiff the PMD "may be fairly attributable to the State so as to subject [Defendants] to

11

the constraints of the Fourteenth Amendment." See id. Plaintiff has not alleged facts to show that the State "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." See id. at 52. Nor has he alleged any facts to show that the State was involved in any way in the PMD benefits decision. At most, he alleges fact that show some general level of "acquiescence." See id.

If contracting, funding, and regulating was sufficient to create state action, nearly every government contract would produce the possibility of § 1983 liability against the government contractor. Congress did not intend this result, and such a decision by this Court would conflict with clear Supreme Court precedent on this point. See, e.g., Am. Mfrs., 526 U.S. at 52 ("Faithful application of the state-action requirement in these cases ensures that the prerogative of regulating private business remains with the States and the representative branches, not the courts."); Rendell-Baker v. Kohn, 457 U.S. 830, 841 (1982) (holding that "[a]cts of such private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts"); Jackson, 419 U.S. at 350 ("The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment. Nor does

the fact that the regulation is extensive and detailed, as in the case of most public utilities, do so." (citations and footnote omitted)). As a result, this Court CONCLUDES that, even accepting as true all of the allegations in the Complaint, there is no issue of material fact in dispute, and Defendants are entitled to judgment on Plaintiff's § 1983 claims as a matter of law. See, e.g., Jackson, 749 F.3d at 763. The Court thus GRANTS the § 1983 Motion and DISMISSES Count I.

At the hearing, Plaintiff's counsel argued that, from interviews with various MCO employees, he has evidence that the State has additional connections with regard to specific Medicaid benefits decisions. But these facts are not currently in the Complaint or before this Court. These representations, however, demonstrate the possibility that amendment might not be futile. Therefore, the dismissal of Count I is WITHOUT PREJUDICE, and Plaintiff may file a motion for leave to amend pursuant to Fed. R. Civ. P. 15(a). See, e.g., Pac. W. Grp., Inc. v. Real Time Solutions, Inc., 321 F. App'x 566, 569 (9th Cir. 2008) (holding that in the Rule 12(c) context, leave to amend should be granted unless amendment would be futile). The district court will conduct a more complete futility analysis if Plaintiff chooses to file such a motion.[6]

---

[6] Plaintiff also appears to request leave to amend to add the State as a defendant. See, e.g., Mem. in Opp. at 7 n.3. The
(continued...)

**CONCLUSION**

On the basis of the foregoing, Defendants UnitedHealth Group Incorporated, UnitedHealthcare, Inc., and UnitedHealthcare Insurance Company's Motion for Judgment on the Pleadings for Count I (§ 1983), filed April 1, 2015, is HEREBY GRANTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 24, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JUAN RIOS QUINONES VS. UNITEDHEALTH GROUP INCORPORATED, ET AL; CIVIL 14-00497 LEK-RLP; ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS FOR COUNT I (§ 1983)**

---

[6](...continued)
district court will consider that request upon a properly filed motion for leave to file an amended complaint.