IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| Juan Rios Quinones, | ) | CIVIL NO. 14-00497 LEK-RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UnitedHealth Group Incorporated; UnitedHealthcare, Inc.; UnitedHealthcare Insurance Co., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR ORDER CERTIFYING
JUNE 30, 2015 ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO
PLAINTIFF'S ALLEGATIONS RELATING TO MEDICARE BENEFITS [DKT
NO. 49] FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B)
AND FOR A STAY PENDING RESOLUTION OF § 1292(B) PROCEEDINGS**

On June 30, 2015, this Court issued its Order Granting in Part and Denying in Part Defendants' Motion for Judgment on the Pleadings as to Plaintiff's Allegations Relating to Medicare Benefits ("Medicare Act Order"). [Dkt. no. 49.[1]] Before the Court is Plaintiff Juan Rios Quinones's ("Plaintiff") motion to certify the Medicare Act Order for interlocutory appeal and for a stay pending the resolution of the appeal ("Appeal Motion"), filed July 9, 2015. [Dkt. no. 52.] On July 24, 2015, Defendants UnitedHealth Group Incorporated, UnitedHealthcare, Inc., and UnitedHealthcare Insurance Company (collectively "Defendants")

---

[1] The Medicare Act Order is also available at 2015 WL 3965961.

filed their memorandum in opposition to the Appeal Motion, and Plaintiff filed his reply on August 7, 2015.  [Dkt. nos. 58, 60.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Appeal Motion, supporting and opposing memoranda, and the relevant legal authority, Plaintiff's motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The relevant factual and procedural background of this case is set forth in the Medicare Act Order.  In the Medicare Act Order, this Court concluded that it did not have jurisdiction over the portions of Plaintiff's claims that challenge the delay of the coordination of his benefits because they: were inextricably intertwined with the denial of his request for Medicare benefits to cover the new Group 3 Personal Mobility Device ("PMD"); arose at least in part under the Medicare Act;[2] and required administrative review by the Secretary of Health and Human Services before Plaintiff could file a civil action.  2015 WL 3965961, at *4-7.  Further, this Court concluded that waiver of the exhaustion requirement was not appropriate in this case.

---

[2] Title XVIII of the Social Security Act, 79 Stat. 291 as amended, 42 U.S.C. § 1395 *et seq.*, is commonly referred to as the "Medicare Act."

Id. at *7-8.  This Court therefore dismissed with prejudice the portions of Counts II, III, V, VI, VII, and VIII that challenge the coordination of benefits for Defendants' actions as plan providers for Plaintiff's Medicare plan.  Id. at *9.  The Medicare Act Order states:

> This includes, but is not limited to, the process by which Defendants denied Plaintiff's initial requests for a new Group 3 PMD, the denials themselves, and any delay in submission of the request to Plaintiff's Medicaid plan.  Insofar as Plaintiff challenges decisions made and actions taken by Defendants in their roles as coverage providers under Plaintiff's Medicaid Plan, those claims remain.

Id.

In the Appeal Motion, Plaintiff asks this Court to certify the Medicare Act Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) because it "has the effect of imposing a Medicare Act administrative procedure before the furnishing of a benefit covered by the Medicaid plan may be expected, but 42 U.S.C. § 1396a(a)(8) specifically bars delays due to administrative procedure," and this Court's decision will cause "substantial prejudice" to Plaintiff and a "substantial benefit" to Defendants.  [Appeal Motion at 2.]  Plaintiff also asks this Court to stay the district court proceedings pending the outcome of the interlocutory appeal.

**DISCUSSION**

Section 1292(b) states:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

This district court stated:

Thus, pursuant to 28 U.S.C. § 1292(b), a district court may certify an interlocutory appeal if it is of the opinion that (1) the order involves a controlling question of law, (2) there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

The party seeking an interlocutory appeal bears the "burden of demonstrating 'exceptional circumstances' justifying a departure from the basic policy of postponing appellate review until a final judgment has issued." Madoff [v. Bold Earth Teen Adventures, Civil No. 12-00470 SOM/RLP], 2013 WL 3179525, at *3 [(D. Hawai`i June 20, 2013)].  Because § 1292(b) "is a departure from the normal rule that only final judgments are appealable", it "must be construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002).

4

> Whether to certify an order for interlocutory appeal is "within the sound discretion of the district court." Envtl. Prot. Info. Ctr. v. Pac. Lumber Co., No. C 01-2821, 2004 WL 838160, at *2 (N.D. Cal. Apr. 19, 2004). "Even where the district court makes such a certification, the court of appeals nevertheless has discretion to reject the interlocutory appeal, and does so quite frequently." James, 283 F.3d at 1068 n.6.

Hawai`i Wildlife Fund v. Cty. of Maui, Civil No. 12-00198 SOM/BMK, 2015 WL 1608430, at *1 (D. Hawai`i Apr. 9, 2015).

As to the first factor - whether there is a controlling question of law, this Court finds that the issue of whether Plaintiff's claims regarding the coordination of benefits must be exhausted pursuant to the Medicare Act is a significant issue in this case, but this Court also finds that the issue is not a purely legal issue. See Leite v. Crane Co., Civil No. 11-00636 JMS/RLP, 2012 WL 1982535, at *5 (D. Hawai`i May 31, 2012) (discussing the standard for determining what is a controlling question of law). This Court therefore finds that the first § 1292(b) factor is not met in this case.

This Court also finds that the second § 1292(b) factor is not met in this case. There is no substantial ground for a difference of opinion because there is clear case law governing the exhaustion of claims under the Medicare Act. See Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010) ("To determine if a 'substantial ground for difference of opinion' exists under

§ 1292(b), courts must examine to what extent the controlling law is unclear.").

Further, this Court finds that the third § 1292(b) factor is not met in this case. The proposed interlocutory appeal would not materially advance the ultimate termination of the litigation because the Medicare exhaustion issue does not affect Counts I and IV, which allege claims under the Medicaid Act,[3] and the portions of Counts II, III, V, VI, and VII, and VIII that challenge Defendants' actions and decisions as coverage providers under his Medicaid Plan. Allowing Plaintiff to take an interlocutory appeal of the Medicare exhaustion issue would result in disruptive, piecemeal litigation. Cf. Pac. Union Conference of Seventh-Day Adventists v. Marshall, 434 U.S. 1305, 1309 (1977) ("The policy against piecemeal interlocutory review other than as provided for by statutorily authorized appeals is a strong one." (citation omitted)).

Insofar as this Court has found that Plaintiff has not established any of the requirements for an interlocutory appeal, this Court FINDS that the instant case does not present the type of exceptional circumstances which warrant certification of an interlocutory appeal. This Court CONCLUDES that Plaintiff should not be allowed to file the proposed interlocutory appeal in this

---

[3] Title XIX of the Social Security Act, 42 U.S.C. § 1396 *et seq.*, is commonly referred to as the "Medicaid Act."

case.  In light of this Court's conclusion, it does not need to reach Plaintiff's request for a stay.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for Order Certifying June 30, 2015 Order Granting in Part and Denying in Part Defendants' Motion for Judgment on the Pleadings as to Plaintiff's Allegations Relating to Medicare Benefits [Dkt No. 49] for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and for a Stay Pending Resolution of § 1292(b) Proceedings, filed July 9, 2015, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 12, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JUAN RIOS QUINONES VS. UNITEDHEALTH GROUP INCORPORATED, ET AL.; CIVIL 14-00497 LEK-RLP; ORDER DENYING PLAINTIFF'S MOTION FOR ORDER CERTIFYING JUNE 30, 2015 ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF'S ALLEGATIONS RELATING TO MEDICARE BENEFITS [DKT NO. 49] FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B) AND FOR A STAY PENDING RESOLUTION OF § 1292(B) PROCEEDINGS**