IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| Juan Rios Quinones, | ) | CIVIL NO. 14-00497 LEK-RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UnitedHealth Group | ) | |
| Incorporated; | ) | |
| UnitedHealthcare, Inc.; | ) | |
| UnitedHealthcare Insurance | ) | |
| Co., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS FOR COUNTS II AND III (ADA AND REHABILITATION ACT)**

Before the Court is Defendants UnitedHealth Group

Incorporated, UnitedHealthcare, Inc., and UnitedHealthcare

Insurance Company's (collectively "Defendants") Motion for

Judgment on the Pleadings for Counts II and III (ADA and

Rehabilitation Act) ("Motion"), filed on April 1, 2015.  [Dkt.

no. 34.]  Plaintiff Juan Rios Quinones ("Plaintiff") filed his

memorandum in opposition on September 14, 2015, and Defendants

filed their reply on September 21, 2015.  [Dkt. nos. 65, 67.[1]]

This matter came on for hearing on October 5, 2015.  After

careful consideration of the Motion, supporting and opposing

memoranda, and the arguments of counsel, Defendants' Motion is

HEREBY GRANTED for the reasons set forth below.

_____

[1] Plaintiff filed an errata to his memorandum in opposition.
[Dkt. no. 66.]

## BACKGROUND

The relevant factual and procedural background was set forth in the Court's June 30, 2015 Order Granting in Part and Denying in Part Defendants' Motion for Judgment on the Pleadings as to Plaintiff's Allegations Relating to Medicare Benefits ("6/30/15 Order").  [Dkt. no. 49.[2]]  The portions of the Complaint relevant to the instant Motion allege that, by withholding Medicaid preauthorization for Plaintiff's Personal Mobility Device ("PMD") for a year, Defendants violated Title III of the Americans with Disabilities Act ("ADA") ("Count II") and Section 504 of the Rehabilitation Act ("§ 504") ("Count III").[3] [Complaint for Declaratory and Injunctive Relief, and for Compensatory and Punitive Damages ("Complaint"), filed 10/31/14 (dkt. no. 1), at ¶¶ 161, 173.]  The Complaint also alleges that Defendants continue to violate Plaintiff's rights by failing to preauthorize coverage of a replacement joystick for his PMD. [Id. at ¶¶ 165, 178.]  Plaintiff is eligible for both Medicaid and Medicare, making him what is commonly referred to as a "dual eligible."  [Id. at ¶ 7.]  The Complaint alleges that Defendants

---

[2] The 6/30/15 Order is also available at 2015 WL 3965961.

[3] In addition to violations of the ADA, Count II alleges violations of "Medicaid law, Defendants' contract with the State of Hawai`i, [and] Hawai`i's statutory medical necessity requirements."  [Complaint at ¶ 162.]  In addition to violations of § 504, Count III alleges violations of "Federal Medicaid and Hawai`i State law."  [Id. at ¶ 174.]

combined their Medicare and Medicaid plans for dual eligibles to "ensure prompt, efficient, and effective coordination of Medicare and Medicaid benefits." [Id. at ¶ 26.] This Court previously dismissed with prejudice Counts II, III, V, VI, VII, VIII "insofar as they challenge the coordination of benefits for acts taken by Defendants as plan providers for Plaintiff's Medicare plan." [6/30/15 Order at 19-20 (footnote and citations omitted).] Plaintiff requests that Defendants be "enjoined and prohibited" from withholding or delaying benefits to rightful beneficiaries, [Complaint at ¶¶ 163, 175,] and he also seeks attorneys' fees and costs [id. at ¶¶ 166, 179].

## DISCUSSION

The standard for a motion brought pursuant to Fed. R. Civ. P. 12(c) was explained in this Court's July 24, 2015 Order Granting Defendants' Motion for Judgment on the Pleadings for Count I (§ 1983) ("7/24/15 Order"). [Dkt. no. 57.[4]]

## I.   ADA

Title III of the ADA provides, in relevant part, that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public

---

[4] The 7/24/15 Order is also available at 2015 WL 4523499.

accommodation." 42 U.S.C. § 12182(a).  For purposes of the ADA,

the following are "public accommodations" if their operations

affect commerce:

> (A) an inn, hotel, motel, or other place of
> lodging, except for an establishment located
> within a building that contains not more than five
> rooms for rent or hire and that is actually
> occupied by the proprietor of such establishment
> as the residence of such proprietor;
>
> (B) a restaurant, bar, or other establishment
> serving food or drink;
>
> (C) a motion picture house, theater, concert hall,
> stadium, or other place of exhibition or
> entertainment;
>
> (D) an auditorium, convention center, lecture
> hall, or other place of public gathering;
>
> (E) a bakery, grocery store, clothing store,
> hardware store, shopping center, or other sales or
> rental establishment;
>
> (F) a laundromat, dry-cleaner, bank, barber shop,
> beauty shop, travel service, shoe repair service,
> funeral parlor, gas station, office of an
> accountant or lawyer, pharmacy, insurance office,
> professional office of a health care provider,
> hospital, or other service establishment;
>
> (G) a terminal, depot, or other station used for
> specified public transportation;
>
> (H) a museum, library, gallery, or other place of
> public display or collection;
>
> (I) a park, zoo, amusement park, or other place of
> recreation;
>
> (J) a nursery, elementary, secondary,
> undergraduate, or postgraduate private school, or
> other place of education;

>              (K) a day care center, senior citizen center,
>              homeless shelter, food bank, adoption agency, or
>              other social service center establishment; and
>
>              (L) a gymnasium, health spa, bowling alley, golf
>              course, or other place of exercise or recreation.

42 U.S.C. § 12181(7).

In Weyer v. Twentieth Century Fox Film Corp., the Ninth

Circuit Court of Appeals considered whether the plaintiff had a

cognizable claim for discrimination under the ADA for a benefit

plan that provided more benefits for physical disabilities than

mental disabilities.  198 F.3d 1104, 1107 (9th Cir. 2000).  The

Ninth Circuit held:

>              Certainly, an insurance office is a place where
>              the public generally has access.  But this case is
>              not about such matters as ramps and elevators so
>              that disabled people can get to the office.  The
>              dispute in this case, over terms of a contract
>              that the insurer markets through an employer, is
>              not what Congress addressed in the public
>              accommodations provisions.

Id. at 1114.

Like Weyer, the instant matter is not about Plaintiff's

access to a place of public accommodation, but about Defendants'

alleged withholding of preauthorization of coverage for

Plaintiff's PMD.  [Complaint at ¶¶ 161, 173.]  This not a

cognizable claim under Title III of the ADA.  See,

e.g., Dicrescenzo v. UnitedHealth Grp., Inc., CIVIL NO. 15-00021

DKW-RLP, 2015 WL 5472926, at *7 (D. Hawai`i Sept. 16, 2015)

(stating that defendants are "not a place of public

5

accommodation, and thus, cannot have violated Title III of the ADA pursuant to Weyer" (citations omitted)).  This Court FINDS that there is no issue of material fact and Defendants are entitled to judgment as a matter of law.  See, e.g., Jackson v. Barnes, 749 F.3d 755, 763 (9th Cir. 2014).  Because it is not possible to cure the defects in this claim by amendment, Plaintiff's ADA claim is DISMISSED WITH PREJUDICE.  See, e.g., Pac. W. Grp., Inc. v. Real Time Solutions, Inc., 321 F. App'x 566, 569 (9th Cir. 2008) (holding that in the Rule 12(c) context, leave to amend should be granted unless amendment would be futile).

## II.  Section 504

Section 504 prohibits entities and programs that receive federal funding from discriminating against individuals based on their disability status.  The statute states, in relevant part:

> No otherwise qualified individual with a disability in the United States, as defined in Section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. . . .

29 U.S.C. § 794(a).  A claim for relief under § 504 requires a plaintiff to show:  "(1) that he is handicapped within the meaning of the act, (2) that he is otherwise qualified for the

services sought, (3) that he was excluded from the services
sought solely by reason of his handicap, and (4) that the program
in question receives federal financial assistance." Dempsey v.
Ladd, 840 F.2d 638, 640 (9th Cir. 1987) (citations and internal
quotation marks omitted). In Alexander v. Choate, the United
States Supreme Court stated that "Section 504 seeks to assure
evenhanded treatment and the opportunity for handicapped
individuals to participate in and benefit from programs receiving
federal assistance." 469 U.S. 287, 304 (1985) (citation
omitted). The main focus of § 504 was **access** to federally-funded
programs and benefits. Id. at 309 ("The State has made the same
benefit – 14 days of coverage – equally accessible to both
handicapped and nonhandicapped persons, and the State is not
required to assure the handicapped 'adequate health care' by
providing them with more coverage than the nonhandicapped.").

Here, it is undisputed that Plaintiff is disabled for
purposes of § 504, and that the program in question, Medicaid,
receives federal financial assistance. However, Plaintiff cannot
show that he was "excluded from the services sought solely by
reason of his handicap." See Dempsey, 840 F.2d at 640. The
Complaint alleges that "[t]he discrimination . . . occurred not
as a part of plan design . . . but as a result of discriminatory
choices in how the benefits were administered." [Complaint at
¶ 3.] Plaintiff did not bring the instant case because he was

denied access to healthcare benefits based on his disability, but

because he did not receive preauthorization for his PMD – an

issue that concerns level of care, not access to Medicaid

itself.[5]  See Choate, 469 U.S. at 303 ("Medicaid programs do not

guarantee that each recipient will receive that level of health

care precisely tailored to his or her particular needs.").  If a

federally-funded program "does not deny the handicapped access to

or exclude them from the particular package of Medicaid

services," a plaintiff cannot establish a prima facie case under

§ 504.[6]  Id. at 309; see also Dicrescenzo, 2015 WL 5472926, at *8

("Rather, Section 504 assures that both disabled and non-disabled

individuals will have equal access to the plan's health benefits

package.").

This Court FINDS that there is no issue of material

fact and Defendants are entitled to judgment as a matter of law.

Because it is not possible to cure the defects in this claim by

amendment, Plaintiff's § 504 claim is DISMISSED WITH PREJUDICE.

---

[5] At the hearing, Plaintiff agreed that the his § 504 claim
is about the level of care provided to him.

[6] To the extent that Plaintiff argues that Olmstead v. L.C.
ex rel. Zimring, 527 U.S. 581 (1999), supports his position,
[Complaint at ¶ 49,] he is incorrect.  Olmstead concerned the
"unjustified **institutional** isolation of persons with
disabilities," 527 U.S. at 600 (emphasis added), and not, as
Plaintiff asserts, "[u]nnecessary and unwanted segregation and
isolation of people with disabilities as a result of improper or
inappropriate administration of benefits" [Complaint at ¶ 49].

**III.  <u>Leave to Amend</u>**

   To the extent that Plaintiff's memorandum in opposition requests leave to amend to name additional defendants, [Mem. in Opp. at 22,] the request is improper.  Plaintiff must do so by filing the proper motion pursuant to Fed. R. Civ. P. 15(a)(2) and Rule LR10.3 of the Local Rules of Practice of the United States District Court for the District of Hawai`i.

**IV.  <u>Summary and Application</u>**

   This Court FINDS that, insofar as Count II arises under the ADA, it does not state a cognizable claim and is DISMISSED WITH PREJUDICE.  Further, this Court FINDS that, insofar as Count III arises under § 504, it fails to state a cognizable claim and is DISMISSED WITH PREJUDICE.

<u>CONCLUSION</u>

   On the basis of the foregoing, Defendants Motion for Judgment on the Pleadings for Counts II and III (ADA and Rehabilitation Act), filed April 1, 2015, is HEREBY GRANTED, and Count II, as it relates to Title III of the Americans with Disabilities Act, and Count III, as it relates to § 504 of the Rehabilitation Act, are DISMISSED WITH PREJUDICE.

   IT IS SO ORDERED.

9

DATED AT HONOLULU, HAWAII, October 19, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**QUINONES VS. UNITEDHEALTH GROUP, INC., ET AL.; CIVIL 14-00497 LEK-RLP; ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS FOR COUNTS II AND III (ADA AND REHABILITATION ACT)**