IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Juan Rios Quinones,<br><br>      Plaintiffs,<br><br>  vs.<br><br>UnitedHealth Group Incorporated;<br>UnitedHealthcare, Inc.;<br>UnitedHealthcare Insurance Co.,<br><br>      Defendants.<br>_____ | CIVIL NO. 14-00497 LEK-RLP |

**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT**
**<u>ON THE PLEADINGS FOR COUNTS VII (NIED) AND VIII (IIED)</u>**

      Before the Court is Defendants UnitedHealth Group Incorporated, UnitedHealthcare, Inc., and UnitedHealthcare Insurance Company's (collectively "Defendants") Motion for Judgment on the Pleadings as to Counts VII (NIED) and VIII (IIED) ("Motion"),[1] filed on May 18, 2016. [Dkt. no. 89.] Plaintiff Juan Rios Quinones ("Plaintiff") filed his memorandum in opposition on June 6, 2016, and Defendants filed their reply on June 20, 2016. [Dkt. nos. 100, 112.] On May 23, 2016, the Court issued an entering order finding this matter suitable for

---

    [1] Count VII is Plaintiff's claim for negligent infliction of emotional distress ("NIED"), and Count VIII is his claim for intentional infliction of emotional distress ("IIED"). [Complaint for Declaratory and Injunctive Relief, and for Compensatory and Punitive Damages ("Complaint"), filed 10/31/14 (dkt. no. 1), at ¶¶ 210-25.]

disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i.  [Dkt. no. 94.]  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Defendants' Motion is HEREBY DENIED, because, at this stage of the litigation, all reasonable inferences must be drawn in Plaintiff's favor and there is sufficient reference in the Complaint to defeat Defendants' Motion easily, and for the reasons set forth below.

## BACKGROUND

The factual and procedural background was set forth in the Court's June 30, 2015 Order Granting in Part and Denying in Part Defendants' Motion for Judgment on the Pleadings as to Plaintiff's Allegations Relating to Medicare Benefits ("Medicare Act Order").  [Dkt. no. 49.[2]]  The Court will only repeat the background that is relevant to the instant Motion.

Plaintiff's NIED and IIED claims arise from the lengthy delays associated with Plaintiff's request for repair of his prior personal mobility device ("PMD") and his request for coverage of a new PMD with medically necessary "Group 3" accessories.  Medicare Act Order, 2015 WL 3965961, at *1.  In Counts VII and VIII, Plaintiff alleges that Defendants' actions

---

[2] The Medicare Act Order is also available at 2015 WL 3965961.

and omissions caused him extreme pain and suffering, as well as emotional distress, including "pain, depression, mental worry, anxiety, anguish, hopelessness, loss of sleep, indignity, and other symptoms of severe emotional distress."  [Complaint at ¶¶ 216, 225.]  Plaintiff alleges that Defendants should have known that denying coverage for his PMD would "deny[] Plaintiff the mobility to carry out the activities of daily living independently" and "would condemn him to be confined to his apartment" "for weeks, months, and eventually a year."  [Id. at ¶¶ 211-12, 218-19.]  Specifically in support of his IIED claim, Plaintiff alleges that "it may be reasonably inferred from Defendants' actions despite knowing Plaintiff would suffer extreme emotional distress that Defendants intended for his suffering emotional distress to aid them in their negotiations for lesser benefits."  [Id. at ¶ 222.]

In the Medicare Act Order, this Court concluded that: Plaintiff's claims arose, at least in part, under the Medicare Act; and Plaintiff was required to exhaust his administrative remedies for those portions of his claims before raising them in federal court.[3]  2015 WL 3965961, at *7.  Further, this Court concluded that waiver of the exhaustion requirement was not appropriate in this case.  Id. at *8.  Thus, the Medicare Act

---

[3] Title XVIII of the Social Security Act, 79 Stat. 291 as amended, 42 U.S.C. § 1395, et seq., is commonly referred to as the "Medicare Act."

Order dismissed with prejudice, *inter alia*, the portions of Counts VII and VIII that challenge

> the coordination of benefits for acts taken by Defendants as plan providers for Plaintiff's Medicare plan. This includes, but is not limited to, the process by which Defendants denied Plaintiff's initial requests for a new Group 3 PMD, the denials themselves, and any delay in submission of the request to Plaintiff's Medicaid plan.

2015 WL 3965961, at *9 (footnote and citations omitted). The Medicare Act Order stated that the portions of Counts VII and VIII challenging "decisions made and actions taken by Defendants in their roles as coverage providers under Plaintiff's Medicaid Plan" remain. Id. Defendants did not move for reconsideration of the Medicare Act Order, and therefore they concede – for purposes of the remainder of the case before this Court – that the Complaint contains allegations of actions and decisions by Defendants – in their capacity as Medicaid coverage providers – which may form the basis of Plaintiff's NIED and IIED claims.[4]

In the instant Motion, Defendants argue that this Court must grant judgment on the pleadings in Defendants' favor as to: Plaintiff's NIED claim because the Complaint does not allege that Plaintiff suffered a physical injury; and Plaintiff's IIED claim because the Complaint does not allege the type of outrageous

---

[4] This Court acknowledges that, if necessary, Defendants may argue on appeal that this Court erred in the Medicare Act Order by failing to grant judgment on the pleadings in favor of Defendants as to Counts VII and VIII, in their entirety.

conduct that is necessary to support an IIED claim.[5]

**DISCUSSION**

The standards applicable to a motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), were set forth in this Court's July 24, 2015 Order Granting Defendants' Motion for Judgment on the Pleadings for Count I (§ 1983) ("§ 1983 Order"). [Dkt. no. 57.[6]]

**I.    NIED**

This district court has stated that:

> The elements of a claim for negligent infliction of emotional distress are: (1) that the defendant engaged in negligent conduct; (2) that the plaintiff suffered serious emotional distress; and (3) that such negligent conduct of the defendant was a legal cause of the serious emotional distress. Tran v. State Farm Mut. Automobile Ins. Co., 999 F. Supp. 1369, 1375 (D. Haw. 1998). A cognizable claim for NIED under Hawaii law also requires "physical injury to either a person or property," see Calleon v. Miyagi, 76 Hawai`i 310, 876 P.2d 1278 (1994), or a mental illness, see Haw. Rev. Stat. § 663-8.9.[[7]]

---

[5] This Court does not construe the Motion as alleging that Plaintiff's NIED and IIED claims fail because Plaintiff cannot identify any actions that Defendants took, or failed to take, in their capacity as Medicaid coverage providers. However, this Court notes that, at trial, Plaintiff must present evidence of the specific actions and omissions by Defendants in their capacity as Medicaid coverage providers that support her claims.

[6] The § 1983 Order is also available at 2015 WL 4523499.

[7] Haw. Rev. Stat. § 663-8.9 states:

> (a)  No party shall be liable for the negligent infliction of serious emotional distress or
> (continued...)

Ansagay v. Dow Agrosciences LLC, — F. Supp. 3d —, CIVIL NO. 15-00184 SOM/RLP, 2015 WL 9582710, at *13 (D. Hawai`i Dec. 29, 2015). Defendants argue that they are entitled to judgment as a matter of law on Plaintiff's NIED claim because, even assuming for purposes of the instant Motion that Plaintiff can establish all of the other elements of the claim, the Complaint does not allege a physical injury.[8] Defendants acknowledge that the Complaint "alleges general 'pain and suffering,'" but they argue that pain alone does not constitute an "actual physical injury to Plaintiff." [Mem. in Supp. of Motion at 11-12 (emphasis omitted).]

---

[7](...continued)
    disturbance if the distress or disturbance arises
    solely out of damage to property or material
    objects.

    (b) This section shall not apply if the serious
    emotional distress or disturbance results in
    physical injury to or mental illness of the person
    who experiences the emotional distress or
    disturbance.

[8] The Hawai`i Supreme Court has recognized exceptions to the rule that a predicate physical injury is required to support an NIED claim in cases with "unique circumstances, which provide the requisite assurance that the plaintiff's psychological distress is trustworthy and genuine." Doe Parents No. 1 v. State, Dep't of Educ., 100 Hawai`i 34, 70, 58 P.3d 545, 581 (2002). The supreme court cited cases involving airline employees who were knowingly exposed to human immunodeficiency virus contaminated blood and cases involving the mishandling of a corpse. Id. The instant case does not involve that type of "unique circumstances."

However, this Court does not construe Plaintiff's Complaint as alleging pain alone. The Complaint also alleges that Defendants' conduct "caus[ed] him to suffer extreme emotional distress, embarrassment, frustration, **deterioration of physical function** and mobility, and despair for more than a year." [Complaint at ¶ 3 (emphasis added).] Although Plaintiff does not expressly mention his deterioration of function in Counts VII and VIII, both counts "reallege[] and incorporate[] by reference the allegations contained in" all preceding paragraphs. [Id. at ¶¶ 210, 217.] In ruling on a motion for judgment on the pleadings, this Court must "treat[] the complaint's allegations as true and draw[] all reasonable inferences in the plaintiff's favor." Howard v. Everex Sys., Inc., 228 F.3d 1057, 1060 (9th Cir. 2000). Reading the Complaint as a whole, it can be reasonably inferred that Plaintiff's pain described in Counts VII and VIII was the result of the deterioration of physical function that he allegedly suffered because of the delay in approving his PMD requests.

This Court also notes that the predicate "physical injury" supporting an NIED claim is a broad concept. For example, Hawai`i courts have held that plaintiffs' "increased blood pressure and body weight, constituted sufficient physical injury to survive summary judgment on their NIED claim." Morioka v. Lee, No. CAAP-13-0001761, 2016 WL 4251236, at *13 (Hawai`i Ct.

App. Aug. 27, 2014). This Court therefore CONCLUDES that the Complaint's allegations of pain resulting from Plaintiff's deterioration of physical function is a sufficient physical injury to preclude judgment on the pleadings on Plaintiff's NIED claim.

In addition, as previously noted, a NIED claim can also be established by proving a mental illness. <u>Ansaqay</u>, 2015 WL 9582710, at *13; <u>see also</u> <u>Morioka</u>, 2016 WL 4251236, at *13 (stating that the final element of a NIED clam is "physical injury to a person, property, or a mental illness"). Counts VII and VIII allege that, as a result of Defendants' conduct, Plaintiff suffered depression and anxiety. [Complaint at ¶¶ 216, 225.] Hawai`i courts have held that proof of "clinically diagnosed depression and anxiety" was "sufficient evidence . . . for a jury to conclude that [the plaintiff] suffered serious emotional distress and that this emotional distress resulted in mental illness." <u>Certain Underwriters at Lloyd's London Subscribing to Policy No. LL001HI0300520 v. Vreeken</u>, No. 30156, 2014 WL 2949463, at *6 (Hawai`i Ct. App. June 30, 2014). In the instant case, the Complaint does not allege that Plaintiff had a clinical diagnosis of depression and anxiety. However, drawing all reasonable inferences from the Complaint in Plaintiff's favor, there is an issue of material fact as to whether Plaintiff's depression and anxiety rose to the level of a mental

illness. See Jackson v. Barnes, 749 F.3d 755, 763 (9th Cir. 2014) ("[J]udgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law[.]" (citation and internal quotation marks omitted)).

This Court therefore, at this stage of the litigation, DENIES the Motion to the extent that Defendants seek judgment on the pleadings as to Count VII, Plaintiff's NIED claim.

## II. IIED

The Hawai`i courts "have adopted the Restatement (Second) of Torts' approach to IIED claims. The elements of an IIED claim are: '1) that the act allegedly causing the harm was intentional or reckless, 2) that the act was outrageous, and 3) that the act caused 4) extreme emotional distress to another.'" Simmons v. Aqua Hotels & Resorts, Inc., 130 Hawai`i 325, 332, 310 P.3d 1026, 1033 (Ct. App. 2013) (quoting Hac v. Univ. of Hawai`i, 102 Hawai`i 92, 106-07, 73 P.3d 46, 60-61 (2003)). As to the element that the defendant's act was outrageous, the Hawai`i Supreme Court has stated:

> "The term 'outrageous' has been construed to mean without just cause or excuse and beyond all bounds of decency." Enoka v. AIG Hawai`i Ins. Co., Inc., 109 Hawai`i 537, 559 128 P.3d 850, 872 (2006) (citations and some internal quotation marks omitted). "The question whether the actions of the alleged tortfeasor are unreasonable or outrageous is for the court in the first instance, although where reasonable people may differ on that question it should be left to the jury."

> Takaki v. Allied Machinery Corp., 87 Hawai`i 57, 68, 951 P.2d 507, 518 (App. 1998) (quotations and quotation marks omitted).

Young v. Allstate Ins. Co., 119 Hawai`i 403, 429, 198 P.3d 666, 692 (2008).

The Hawai`i Supreme Court has also recognized that a plaintiff may

> state a claim for IIED because of his or her relationship with the defendant. "The extreme and outrageous character of the conduct may arise from an abuse by the actor of a position, or a relation with the other, which gives him actual or apparent authority over the other, or power to affect his interests." Restatement [(Second) of Torts] § 46 comment e. "In this sense extreme 'bullying tactics' and other 'high pressure' methods of insurance adjusters seeking to force compromises or settlements" may satisfy the conduct element. Eckenrode v. Life of America Ins. Co., 470 F.2d 1, 4 (7th Cir. 1972) (citing Restatement [(Second) of Torts] § 46 comment e) ("Insurer's alleged bad faith refusal to make payment on the policy, coupled with its deliberate use of 'economic coercion' (*i.e.*, by delaying and refusing payment it increased plaintiff's financial distress thereby coercing her to compromise and settle) to force a settlement, clearly rises to the level of 'outrageous conduct' to a person of 'ordinary sensibilities.'"); Prosser and Keeton on Torts, § 12, at 62 (noting that plaintiffs may assert an IIED claim to hold parties liable for engaging in "outrageous bullying tactics" intending "to force a settlement").

Id. at 425, 198 P.3d at 688 (citation omitted).

Plaintiff alleges that Defendants: tried to persuade him to not take some accessories in return for getting his PMD; urged his specialists to change the accessories request; withheld preauthorization coverage to pressure him and his specialists to

delete the accessories and force Plaintiff to do another assessment; had an employee go to an assessment to pressure Plaintiff to forgo accessories; and withheld preauthorization of coverage for his PMD for one year.  [Complaint at ¶¶ 112, 121, 122, 142, 219.]  He also alleges that he was confined to his apartment because he did not have the new PMD.  [Id. at ¶ 147a.]

Assuming – for purposes of the instant Motion – that the Complaint's factual allegations are true and drawing all reasonable inferences in Plaintiff's favor, this Court FINDS that reasonable people may differ on whether Defendants' alleged conduct was the type of "bullying tactics intend[ed] to force a settlement."  In finding that reasonable people may differ, this Court has also considered the fact that Count VI – Plaintiff's bad faith claim – remains pending.  Cf. Enoka, 109 Hawai`i at 559, 128 P.3d at 872 (affirming grant of summary judgment to the defendant on the plaintiff's IIED claim because, *inter alia*, the supreme court did "not believe that the manner in which AIG denied Enoka's claim for no-fault benefits was in bad faith and, thus, AIG's conduct was reasonable").  The evidence that Plaintiff will present in support of his bad faith claim will likely be relevant to the issue of whether Defendants' conduct was sufficiently outrageous to support an IIED claim.

This Court therefore FINDS that there are disputed issues of material fact as to whether Defendants' conduct was

sufficiently outrageous to support an IIED claim, and this Court cannot conclude that Defendants are entitled to judgment as a matter of law.  This Court DENIES Defendants' Motion to the extent that Defendants seek judgment on the pleadings as to Count VIII, Plaintiff's IIED claim.

## CONCLUSION

On the basis of the foregoing, Defendants' Motion for Judgment on the Pleadings as to Counts VII (NIED) and VIII (IIED), filed May 18, 2016, is HEREBY DENIED.

This Court is at a loss to understand why Defendants chose not to file a motion for summary judgment on these issues and instead to file a motion for judgment on the pleadings which is here, as in most cases, an empty exercise.

Insofar as the dispositive motions deadline is now closed, see Second Amended Rule 16 Scheduling Order, filed 6/16/16 (dkt. no. 109), at ¶ 7, the remaining claims – Counts IV, VI, VII, and VIII – will proceed to trial.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 29, 2016.



       /s/ Leslie E. Kobayashi
      Leslie E. Kobayashi
      United States District Judge

**JUAN RIOS QUINONES VS. UNITEDHEALTHCARE, INC., ET AL; CIVIL 14-00497 LEK-RLP; ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS FOR COUNTS VII (NIED) AND VIII (IIED)**