IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Juan Rios Quinones, | CIVIL NO. 14-00497 LEK-RLP |
| Plaintiff, | |
| vs. | |
| UnitedHealth Group Incorporated; UnitedHealthcare, Inc.; UnitedHealthcare Insurance Co., | |
| Defendants. | |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 29, 2017 ORDER: (1) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON COUNTS IV, VI, VII, AND VIII; (2) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON COUNT X OF PLAINTIFF'S SUPPLEMENTAL COMPLAINT; AND (3) DENYING AS MOOT PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

On April 18, 2017, the Court filed its Amended Order: (1) Granting Defendants' Motion for Summary Judgment on Counts IV, VI, VII, and VIII; (2) Granting Defendants' Motion for Summary Judgment on Count X of Plaintiff's Supplemental Complaint; and (3) Denying as Moot Plaintiff's Motion for Partial Summary Judgment ("4/18/17 Order"). [Dkt. no. 271.[1]] On April 17, 2017, Plaintiff Juan Rios Quinones ("Plaintiff") filed a motion for reconsideration of the 4/18/17 Order ("Motion for Reconsideration").[2] [Dkt. no. 268.] Defendants UnitedHealth

---

[1] The 4/18/17 Order is also available at 2017 WL 1395604.

[2] While the Motion for Reconsideration responded to the
(continued...)

Group Inc., UnitedHealthcare, Inc., and UnitedHealthcare Insurance Co. (collectively "Defendants") filed a memorandum in opposition on May 1, 2017, and Plaintiff filed a reply on May 15, 2017.[3] [Dkt. nos. 273, 274.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). The Motion for Reconsideration is hereby denied because Plaintiff fails to demonstrate manifest error of law and fails to provide new evidence that was previously unavailable to him.

**STANDARD**

A motion for reconsideration

> "must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawai`i June 2, 2014) (citation and internal quotation marks omitted). This district court recognizes three circumstances where it is proper

---

[2](...continued)
Court's order filed on March 29, 2017 ("3/29/17 Order"), [dkt. no. 266,] in an Entering Order filed on April 19, 2017 ("4/19/17 EO"), the Court construed the Motion for Reconsideration as relating to the 4/18/17 Order [dkt. no. 272]. The 4/19/17 EO also noted that the 4/18/17 Order did not make any substantive changes to the 3/29/17 Order, nor did it alter the Court's ultimate rulings on the relevant motions.

[3] On May 16, 2017, Plaintiff filed an errata to his reply in support of the Motion for Reconsideration. [Dkt. no. 275.]

2

> to grant reconsideration of an order: "(1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice." Tierney v. Alo, Civ. No. 12-00059 SOM/KSC, 2013 WL 1858585, at *1 (D. Hawaii May 1, 2013) (citing School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993)). "Mere disagreement with a previous order is an insufficient basis for reconsideration." Davis, 2014 WL 2468348, at *3 n.4 (citations and internal quotation marks omitted).

Riley v. Nat'l Ass'n of Marine Surveyors, Inc., Civil No. 14-00135 LEK-RLP, 2014 WL 4794003, at *1 (D. Hawai`i Sept. 25, 2014).

## BACKGROUND

On October 24, 2016: Defendants filed a Motion for Summary Judgment on Counts IV, VI, VII, and VIII ("Defendants' Summary Judgment Motion A"); [dkt. no. 210;] Defendants filed a Motion for Summary Judgment on Count X of Plaintiff's Supplemental Complaint ("Defendants' Summary Judgment Motion B"); [dkt. no. 214;] and Plaintiff filed a Motion for Partial Summary Judgment ("Plaintiff's Summary Judgment Motion") [dkt. no. 212]. The 4/18/17 Order granted Defendants' Summary Judgment Motion A and Defendants' Summary Judgment Motion B, and denied Plaintiff's Summary Judgment Motion as moot. See 4/18/17 Order, 2017 WL 1395604, at *12.

**DISCUSSION**

The Motion for Reconsideration seeks reconsideration of the Court's ruling on Count VI, which alleges the tort of bad faith. Plaintiff contends the Court applied the incorrect standard for a claim of bad faith and newly discovered evidence creates a genuine issue of material fact. [Mem. in Supp. of Motion for Reconsideration at 2.] The Court will address each of these arguments in turn.

I. **Manifest Error of Law**

As to Plaintiff's assertion that the Court applied an incorrect standard of law for Count VI, bad faith, Plaintiff overlooks that the 4/18/17 Order explained:

> Hawai`i courts have recognized that "every contract contains an implied covenant of good faith and fair dealing that neither party will do anything that will deprive the other of the benefits of the agreement." Best Place, Inc. v. Penn Am. Ins. Co., 82 Hawai`i 120, 123-24, 920 P.2d 334, 337-38 (1996) (citations omitted). "Good faith performance 'emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party.'" Hawaii Leasing v. Klein, 5 Haw. App. 450, 456, 698 P.2d 309, 313 (1985) (quoting Restatement (Second) of Contracts § 205 cmt. a (1981)). This district court, however, has observed that:
>
>> Hawai`i courts have not recognized a separate tort cause of action for bad faith or breach of the duty of good faith and fair dealing based upon any type of contract in any circumstances. **Moreover, in Francis v. Lee Enterprises, Inc., 89 Hawai`i 234, 971 P.2d 707, 711-12 (1999), the Hawai`i Supreme Court stressed the importance that claims of**

4

> **bad faith be limited to the insurance context or situations involving special relationships characterized by elements of fiduciary responsibility, public interest, and adhesion. . . .**
>
> Sung v. Hamilton, 710 F. Supp. 2d 1036, 1050 (D. Hawai`i 2010).

2017 WL 1395604, at *8 (emphasis added) (quoting Flynn v. Marriott Ownership Resorts, Inc., 165 F. Supp. 3d 955, 981-82 (D. Hawai`i 2016) (some internal quotation marks omitted)). Plaintiff argues "that the standard for the tort of bad faith, as set forth in Best Place and its progeny, is applicable to this case, not the general contractual duty of good faith and fair dealing that the Court recited." [Mem. in Supp. of Motion for Reconsideration at 4.] Plaintiff's argument is puzzling, to say the least. The Court not only cited Best Place, but also specific language explaining the special relationship required to sustain a claim for the tort of bad faith. In addition, the cited portion of the Hawai`i Supreme Court's decision in Francis explains the tort of bad faith by extensively citing Best Place.

While Plaintiff may take issue with the fact that, "[t]he Order contains no subsequent discussion of the elements of an insurance bad faith claim, or an acknowledgment that unreasonable delays in benefits . . . is actionable in bad faith," [Reply at 4,] there was no need for the Court to do so because the Court found that there was not an unreasonable delay in Plaintiff's Medicaid benefits and that Defendants acted

5

properly. See 4/18/17 Order, 2017 WL 1395604, at *8 ("Plaintiff has not identified any action by Defendants that violated the relevant statutes or the contract at issue. Instead, Defendants have shown that, on two different occasions they received an application for Medicaid coverage of Plaintiff's [Personal Mobility Device ("PMD")], and on both occasions, they acted properly.").[4] Accordingly, Plaintiff fails to demonstrate manifest error of law.

## II. **Newly Discovered Evidence**

Plaintiff also asserts newly discovered evidence – a deposition taken on November 17, 2016, which was after the briefing deadlines on the motions for summary judgment had expired. See Mem. in Supp. of Motion for Reconsideration at 4-5; Motion for Reconsideration, Decl. of Aaron Loeser ("Loeser Decl."), Exh. A (excerpts of 11/17/16 Depo. of David. W. Heywood ("Pltf.'s Heywood Depo.")).[5] First, the hearing on the motions for summary judgment was held on November 28, 2016, [Minutes,

---

[4] Plaintiff challenges the Court's consideration of 42 C.F.R. § 433.139(c), asserting, "the Court seemed to hold that a bad faith claim required an improper denial of coverage, and that no such denial had occurred in this case." [Mem. in Supp. of Motion for Reconsideration at 14.] Plaintiff misstates the 4/18/17 Order. With respect to § 433.139(c), the 4/18/17 Order does indeed state that there were no denials of Medicaid coverage in the instant matter, and immediately after that explains why Plaintiff's claims of unreasonable delay are unavailing. 2017 WL 1395604, at *8.

[5] Mr. Heywood is Defendants' Health Plan Chief Executive Officer for Hawai`i. 4/18/17 Order, 2017 WL 1395604, at *3.

6

filed 11/28/16 (dkt. no. 244),] eleven days after Mr. Heywood's deposition. Plaintiff never submitted a request to file a supplemental concise statement of facts or any kind of supplemental briefing to account for Mr. Heywood's deposition and the exhibits attached thereto.[6] Under Fed. R. Civ. P. 56(c)(1),

> [a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials **in the record**, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(Emphasis added.) Plaintiff's counsel is an attorney licensed to practice law in Hawai`i, and the Court trusts that he is familiar with the Federal Rules, as well as the Local Rules. Any assertion by Plaintiff's counsel that Mr. Heywood's deposition is newly discovered evidence is, at best, disingenuous. The deposition was available to Plaintiff before the hearing on the

---

[6] This is not the first time that Plaintiff's counsel has been notified of deficiencies in the record and failed to take any action to correct them. See, e.g., 4/18/17 Order, 2017 WL 1395604, at *3 n.7 (explaining that Plaintiff submitted an unsigned declaration, and that he "was notified of this omission on multiple occasions, including at the hearing on the summary judgment motions," but "did not make any effort to correct" it).

summary judgment motions, and Plaintiff's counsel simply chose not to do anything with it until now.[7]

Second, Plaintiff argues for the first time in his Reply that, at the hearing on the motions for summary judgment, the Court should have allowed Plaintiff to present evidence from Mr. Heywood's deposition. See Reply at 5 ("[T]o the extent that Plaintiff was required to present newly-discovered evidence at the hearing herein, it was improper to block Plaintiff from presenting such evidence at the hearing."). Plaintiff's counsel referenced Mr. Heywood's deposition at the hearing by citing an email from Plaintiff's doctor, Amendeep Somal, M.D., which the Court did not consider because it was not part of the record. [Reply, Decl. of Aaron Loeser, Exh. B (Trans. of 11/28/16 hearing on motions for summary judgment), at 31.] Plaintiff may not raise new arguments in his Reply. See Local Rule LR7.4 ("Any argument raised for the first time in the reply shall be disregarded."). Moreover, Plaintiff's position that the Court erred by not considering or allowing argument on a document that was not part of the record as of the hearing, and which Plaintiff has never sought to make part of the record until the instant

---

[7] As Defendants point out, the exhibits attached to Mr. Heywood's deposition include bates stamps, "indicating that these documents were produced by Plaintiff." See Mem. in Opp. at 13 (emphasis omitted). Thus, these documents were also available to Plaintiff prior to the hearing on the motions for summary judgment.

motion, is simply incorrect.

Finally, even if the Court were to consider this evidence, it would not provide grounds for granting the Motion for Reconsideration. Plaintiff argues that Mr. Heywood's deposition shows that Defendants' "own policy . . . forbade it from putting its desire to pursue [third party liability] ahead of its mandate to meet the needs of its members, and to refrain from impairing access to its covered services." [Mem. in Supp. of Motion for Reconsideration at 10-11 (footnote and citation omitted).] Plaintiff states further that Defendants themselves "concede[] that it would have been consistent with its policy to have approved the claim immediately, in June, then coordinated benefits with Medicare afterwards, as [Defendants] did in November." [Id. at 11.] While Plaintiff tries to dress it up as something new, he challenges the same series of events for the same reasons. The Court has already explained:

> In sum, Defendants considered a request for coverage of Plaintiff's PMD on two occasions. When Defendants received the Second Request, they stated that they needed additional time – as permitted by the applicable regulations – and the Second Request was withdrawn before Defendants had to make a decision. When Defendants received the Third Request, they approved it within the allotted time, but there were delays unrelated to Defendants' actions or control. As a result of the delays, a new assessment had to be completed, a Fourth Request was submitted, and Plaintiff received his PMD in early February 2014. Therefore . . . Defendants did not take any action that violated the Medicaid statute or regulations, nor did they ever exceed the time allotted for

9

them to make a decision on Plaintiff's requests. 4/18/17 Order, 2017 WL 1395604, at *7.[8] In addition, Mr. Heywood's deposition supports Defendants' actions. See, e.g., Pltf.'s Heywood Depo. at 253 ("[M]y review of the documents, looking at the documents is, there was an attempt to submit a prior authorization request that could be covered by Medicare. And we are required by the state of Hawaii and by the contract . . . to pursue that."); Mem. in Opp., Decl. of Diane Winter Brookins, Exh. D (excerpts of 11/17/16 Depo. of David W. Heywood) at 274-75 ("We have an obligation under the Medicaid contract to coordinate benefits . . . and ensure that the primary payer covers their benefits first.").

Plaintiff's argument that "newly discovered evidence" proves the urgency of his requests for benefits is equally unavailing. Plaintiff states that "there is direct evidence to support that Plaintiff's need for the replacement PMD was urgent," and that Defendants were "required under [their] contract to consider this [as] an expedited request." [Mem. in Supp. of Motion for Reconsideration at 12-13.] To support his position, Plaintiff cites an email from Dr. Somal, expressing her

---

[8] While this section of the 4/18/17 Order directly discusses Count IV, the Court used the same reasoning in ruling on Count VI. See 4/18/17 Order, 2017 WL 1395604, at *8 ("Defendants have shown that, on two different occasions, they received an application for Medicaid coverage of Plaintiff's PMD, and on both occasions, they acted properly.").

concern about the delay in Plaintiff's PMD.  [Loeser Decl., Exh. A-2 (5/22/13 email from Dr. Somal to Defendants' Medicaid field service coordinator assigned to Plaintiff).]  However, as the 4/18/17 Order explained, Dr. Somal did not write, nor could she have written, the request for Plaintiff's PMD.  2017 WL 1395604, at *7.  Further, the language of Dr. Somal's email does not evince a request for expedited consideration of Plaintiff's PMD, and, at his deposition, Mr. Heywood explained that Defendants' employees did not have any duty to ask Dr. Somal about the urgency of the request.[9]  See Pltf.'s Heywood Depo. at 272.

In short, Plaintiff does not provide new evidence that was previously unavailable, and, even if the Court were to consider the evidence that Plaintiff does submit with his Motion for Reconsideration, it does not provide any reason for the Court to reconsider the 4/18/17 Order.  The Court has great compassion for Plaintiff and his frustration is understandable.  However, the Court may not bend the law to provide relief where none is warranted.  The Motion for Reconsideration is therefore denied.

---

[9] In his Reply, Plaintiff repeats a number of arguments that he made previously and which the Court considered in the 4/18/17 Order.  See Reply at 8.  They do not state proper grounds for reconsideration, and the Court does not need to address them here.

**CONCLUSION**

On the basis of the foregoing, Plaintiff Juan Rios Quinones's Motion for Reconsideration, filed on April 17, 2017, is HEREBY DENIED. The Court DIRECTS the Clerk's Office to enter final judgment and close this case immediately.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 28, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JUAN RIOS QUINONES VS. UNITEDHEALTH GROUP INCORPORATED, ET AL; CIVIL 14-00497 LEK-RLP; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 29,2017 ORDER: (1) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON COUNTS IV, VI, VII, AND VIII; (2) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON COUNT X OF PLAINTIFF'S SUPPLEMENTAL COMPLAINT; AND (3) DENYING AS MOOT PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**